IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CRAIG PITTMAN and KELLY KONACK PITTMAN, <br><br> Plaintiffs, <br><br> v. <br><br> SETERUS, INC., FIRST MAGNUS FINANCIAL CORP., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., KYANITE SERVICES, INC., and FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Defendants. | § § § § § § § § § § § § § § § § § Cause No. 3:14-cv-3852-M (BF) |

## MEMORANDUM ORDER

Plaintiffs Craig and Kelly Pittman, who are proceeding *pro se*, have filed an "Objection to Notice of Removal to Federal Court," which the court construes as a motion to remand. For the following reasons, Plaintiffs' objection is overruled and their motion to remand is DENIED.

### Background

This civil action arises out of foreclosure proceedings initiated against Plaintiffs' home located in Dallas, Texas (the "Property"). Plaintiffs initially filed this action in the 95th Judicial District Court for Dallas County, Texas. Plaintiffs allege that Defendants FNMA, Seterus, Inc. ("Seterus"), Kyanite Services, Inc. ("Kyanite"), First Magnus Financial Corporation ("First Mangus"), and Mortgage Electronic Registration Systems, Inc. ("MERS") lack standing to foreclose on the Property and bring claims for fraud and declaratory and injunctive relief to prevent the sale of the Property. Defendants timely removed the case to federal court on the basis of diversity

jurisdiction. Plaintiffs subsequently filed an objection to the removal, which the court construes as a motion to remand. Succinctly stated, Plaintiffs argue that Defendants have failed to prove that federal subject matter jurisdiction exists and the prior exclusive jurisdiction doctrine bars removal. Defendants have filed a response to Plaintiffs' motion, and the issues are ripe for determination.

## Legal Standards and Analysis

A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Here, Defendants contend that removal is proper on diversity grounds because complete diversity exists among the parties and the amount in controversy exceeds $75,000. Def. Rem. Not. at 4, ¶ 12. Plaintiffs are citizens of the State of Texas, Seterus and Kyanite are citizens of Delaware and North Carolina, First Magnus is a citizen of Arizona, MERS is a citizen of Delaware and Virginia, and FNMA is a citizen of Washington, D.C. *Id.*, at 2-3, ¶¶ 6-11. Additionally, Plaintiffs' petition seeks an injunction prohibiting Defendants from foreclosing on the

Property and a declaration that Defendants hold no interest in the Property.  Because this action is one for injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).  In the context of a mortgage dispute, if a plaintiff seeks injunctive relief to preclude foreclosure of real property, the amount in controversy is the value of the real property at issue. *See Copeland v. U.S. Bank Nat. Ass'n*, 485 F. App'x 8 (5th Cir.2012) (noting that "the amount in controversy exceeds $75,000 due to the value of the subject property"); *May v. Wells Fargo Home Mort.*, No. 3:12-CV-4597-D, 2013 WL 459871, at *2 (N.D. Tex. Feb.7, 2013) (amount in controversy in case where injury plaintiff seeks to prevent is foreclosure is value of property).  Defendants have submitted evidence that the Dallas County Central Appraisal District values the Property at $293,480.00.  *See* Def. Rem. Not., Exs. C & C-1.  This amount far exceeds the jurisdictional minimum.  *See Barron v. Bank of Am., N.A.*, No. 3:12-CV-3784-O-BF, 2013 WL 944434, at *2 (N.D. Tex. Feb. 12, 2013), *rec. adopted*, 2013 WL 950737 (N.D. Tex. Mar. 12, 2013) accepting evidence of appraised value to determine amount in controversy in removed case seeking to rescind foreclosure proceedings).  Federal jurisdiction is thus proper on the basis of diversity of citizenship.

Plaintiffs also argue that the prior exclusive jurisdiction doctrine prevents removal.  The prior exclusive jurisdiction doctrine provides that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) ("[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction.").  The primary

3

purpose of this doctrine is to prevent jurisdictional disputes brought about as a result of multiple concurrent proceedings. *Kline*, 260 U.S. at 229. However, the doctrine is not implicated where, as here, a single state-court lawsuit is removed to federal court. When a case begins in state court and is later removed to federal court, there are not concurrent proceedings. Rather, the removal divests the state court of jurisdiction and precludes any state-court/federal-court conflict. *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-154-SS, 2014 WL 1342869, at *2 (W.D. Tex. Apr. 3, 2014) (prior exclusive jurisdiction doctrine is not relevant to a lone state court action removed to federal court, provides no basis for remand to state court, and does not deprive federal court of jurisdiction); *Iqbal v. Bank of Am., N.A.*, No. 1:12-CV-938-SS, 2012 WL 11955635, at *4 (W.D. Tex. Dec. 18, 2012), *aff'd*, 559 F. App'x 36 (5th Cir. Mar. 18, 2014) (same). Plaintiffs' objection to federal jurisdiction on the basis of the prior exclusive jurisdiction doctrine is overruled.

## CONCLUSION

Plaintiffs' Objection to Notice of Removal to Federal Court," which the court construes as a motion to remand (Doc. 15), is DENIED.

SO ORDERED, March 2, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4