**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CRAIG PITTMAN and KELLY KONACK PITTMAN,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Cause No. 3:14-cv-3852-M (BF)** |
| **SETERUS, INC., FIRST MAGNUS FINANCIAL CORP., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., KYANITE SERVICES, INC., and FEDERAL NATIONAL MORTGAGE ASSOCIATION,** | § | |
| **Defendants.** | § | |

**MEMORANDUM ORDER**

On February 27, 2015, the court held a hearing on Defendant Federal National Mortgage Association's ("FNMA") Motion for Default Judgment. For the following reasons, FNMA's motion is DENIED.

**Background**

Plaintiffs Craig and Kelly Pittman, who are proceeding *pro se*, initially filed this action on October 3, 2014 in the 95th Judicial District Court for Dallas County, Texas. Defendants FNMA, Seterus, Inc., Kyanite Services, Inc., and Mortgage Electronic Registration Systems, Inc. timely removed the case to federal district court on the basis of diversity jurisdiction. On or about November 19, 2014, FNMA filed a counterclaim against Plaintiffs alleging that Plaintiffs failed to make their payments under the terms of a promissory note ("Note") secured by a lien on Plaintiffs' home ("Security Instrument"). FNMA further alleges that it is the current owner of the Note and

Security Instrument and that it previously obtained an order allowing foreclosure of its lien from the judge of the 193rd Judicial District Court of Dallas County, Texas. By its counterclaim, FNMA seeks a judgment allowing it to foreclose on its lien.

When Plaintiffs failed to timely file an answer to FNMA's counterclaim, FNMA obtained an entry of default from the Clerk of Court. FNMA then filed the instant motion for a default judgment on its counterclaims against Plaintiffs. Plaintiffs failed to file a response to FNMA's motion for default judgment, but did file an answer to FNMA's counterclaim on January 30, 2015. FNMA's motion is now ripe for determination.

**Legal Standards and Analysis**

Federal Rule of Civil Procedure 55 sets forth a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, the court's clerk must enter an entry of default when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. *See* FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Even if all the steps are completed, however, there is a strong policy in favor of deciding cases on the merits. *See Fortenberry v. Texas*, 75 F. App'x 924, 926 n.1 (5th Cir. 2003). Default judgments are generally granted only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n v. Am. First Mtg. Funding Corp*., 874 F.2d 274, 276 (5th Cir. 1989). A default judgment should not be granted solely because a party failed to meet a procedural time requirement. *See Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex*., 726 F.2d 166, 168 (5th Cir. 1984).

In this case, Plaintiffs defaulted when they failed to timely serve an answer to FNMA's counterclaim. *See* FED. R. CIV. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). The Clerk of Court entered a default against Plaintiffs on December 22, 2014. *See* Entry of Default (Doc. 20). However, Plaintiffs filed an answer on January 30, 2015. Although the answer was filed out-of-time and without leave of court, the court construes this filing as a motion to set aside the default. *Metropolitan Life Ins. Co. v. Dailey*, No. 3:12-CV-4174-G (BN), 2013 WL 5190751, at *3 (N.D. Tex. Sept. 16, 2013) (when a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default); *Flores v. Koster*, No. 3:11-CV-726-M-BH, 2012 WL 6928017, at *1 (N.D. Tex. Dec. 28, 2012), *rec. adopted*, 2013 WL 271447 (N.D. Tex. Jan. 23, 2013) (same). A court also may set aside an entry of default *sua sponte*. *Dailey*, 2013 WL 5190751, at *3; *Flores*, 2012 WL 6928017, at *1.

Under Rule 55(c), a court may set aside an entry of default for good cause. *See* FED. R. CIV. P. 55(c). The good cause standard is a liberal one that takes into consideration the following nonexclusive factors: (1) whether the failure to respond was due to excusable neglect; (2) whether the party seeking affirmative relief would suffer prejudice if the default was set aside; (3) whether the defaulting party presented a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. *See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003); *Dailey*, 2013 WL 5190751, at *3. Regarding the first factor, "excusable neglect" is an "elastic concept" broad enough to include late filings resulting from "mistake, inadvertence or carelessness." *Dailey*, 2013 WL 5190751, at *3 (citing cases); *see also UMG Recordings, Inc. v. Landers*, Civ. A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008)

(excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally). Ultimately, the decision to set aside a default lies within the sound discretion of the district court. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

In this case, there is no evidence that Plaintiffs' failure to timely file an answer to FNMA's counterclaim was intentional or due to anything other than excusable neglect. Plaintiffs corrected their failure shortly after FNMA drew attention to it by filing a motion for a default judgment, and FNMA has not shown that it suffered prejudice due to Plaintiffs' delay in filing their answer. *See Roebuck v. Diamond Detective Agency*, 484 F. App'x 976, 977 (5th Cir. 2012). The court thus finds there is good cause to set aside the Clerk's entry of default and to treat Plaintiffs' answer as timely filed. Defendant's motion for default judgment is therefore denied.

**CONCLUSION**

Having set aside the entry of default and excusing Plaintiffs' default, the court DENIES FNMA's motion for a default judgment (Doc. 21).

SO ORDERED, March 2, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE