IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CRAIG PITTMAN and** | § | |
| **KELLY PITTMAN,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. 3:14-CV-3852-M (BF) |
| v. | § | |
| | § | |
| **SETERUS, INC., FEDERAL NATIONAL** | § | |
| **MORTGAGE ASSOCIATION, KYANITE** | § | |
| **SERVICES, INC., MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION,** | § | |
| **SYSTEMS, INC., and FIRST MANGUS** | § | |
| **FINANCIAL CORP.,** | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action, arising out of foreclosure proceedings initiated against certain real property located in Dallas, Texas, to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference. Defendants Seterus, Inc., Federal National Mortgage Association ("Fannie Mae"), Kyanite Services, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), and First Mangus Financial Corp. ("Magnus") (collectively "Defendants") filed Defendants/Counter-Plaintiffs' Motion for Summary Judgment [D.E. 51]. For the following reasons, the undersigned recommends that the motion be granted.

**BACKGROUND**

In December of 2005, Craig Pittman and Kelly Koncak Pittman (collectively, the "Pittmans") executed a Texas Home Equity Note (the "Note") for $220,000 in favor of Magnus. Am. Compl.

1

[D.E. 31 at 4]. Payment of the Note was secured by a Texas Home Equity Security Instrument ("Deed of Trust" and collectively with the Note, the "Loan Agreement") that placed a lien on real property located at 9310 Mill Hollow Drive, Dallas, Texas 75243. *Id.* [D.E. at 3-4]. The Deed of Trust recognized Magnus as the lender and MERS "as beneficiary and nominee for the Lender and its successors and assigns." Defs.' Br. [D.E. 52 at 7]. The Deed of Trust was assigned to Fannie Mae by MERS in September, 2013. *Id.* [D.E. at 7]. Fannie Mae claims ownership of the Note and to be beneficiary of the Deed of Trust. *Id.* [D.E. at 7]. Seterus, Inc. services the Loan Agreement for Fannie Mae. *Id.* [D.E. at 7]. At some point in time, the Pittmans defaulted on the Loan Agreement and Fannie Mae attempted to foreclose on the property. *Id* [D.E. at 7]. In response to Fannie Mae's foreclosure attempts, the Pittmans filed this suit, raising nine causes of action against Defendants. *See* Am. Compl. [D.E. at 6-13]. Defendants filed a motion for summary judgment as to all of the Pittmans' claims and causes of action. *See* Defs.' Mot. Summ. J. [D.E. 51].

## LEGAL STANDARD

### Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent

evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

**Pro Se Litigants**

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record for evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. U.S. Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Furthermore, *pro se* litigants are not exempt from complying with court rules of procedure and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Local Rules require the nonmoving party to file a response and brief to the opposing party's summary judgment motion within twenty-one days of the motion being filed. Local R. 7.1(e). However, a "court may not enter a default summary judgment solely by virtue of the nonmovants' failure to respond." *Bloomer v. Jenkins*, No. 3:02-CV-2718-G, 2003 U.S. Dist. LEXIS 27850, *14 (N.D. Tex. Aug. 21, 2003) (citing *Hibernia Nat'l Bank v. Admin. Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir 1985). By the same token, a court "may accept as undisputed the facts described in support of the movant's motion." *Id.* (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). "A summary judgment nonmovant who does not respond to the motion is relegated to [their] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (5th Cir. 1996). Pleadings may only be

3

relied on as summary judgment only when they are verified. *See Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 460, 462 (5th Cir. 1991).

Here, the Pittmans have failed to file a response to Defendants' Motion for Summary Judgment. Notice of No Resp. [D.E. 57 at 1]. Defendants' Motion for Summary Judgment was filed on June 15, 2015, making a response due from the Pittmans by July 6, 2015. *See* Local R. 7(e). The Pittmans had notice of the deadline because they were instructed to read the Local Rules. Instr. To Pro Se Pl. [D.E. 5 at 1]. Although a default summary judgment will not be recommended, the facts in support of Defendants' motion will be accepted as undisputed. *See Bloomer*, 2003 U.S. Dist. LEXIS 27850 *14. Furthermore, the Pittmans will be relegated to their unsworn pleadings. *See Bookman*, 945 F.Supp. at 1002.

## ANALYSIS

### False Claims Act

The Pittmans allege that Defendants fraudulently made claims for reduced taxes, ignored the true condition of Defendants' pass-through tax entity status, and disregarded the fact that Defendants were no longer Real Estate Mortgage Investment Conduits. Am. Compl. [D.E. 31 at 2]. Defendants argue that the Pittmans possess no evidence to satisfy any of the elements of a False Claims Act claim ("FCA"). Defs.' Br. [D.E. 52 at 10].

"The FCA allows private parties, referred to as 'relators,' to bring a suit (called a 'qui tam' suit) on behalf of the United States against anyone who has submitted false or fraudulent claims to the government." *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 462 n. 1 (5th Cir. 2015). The elements of an FCA violation are: "(1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that

involved a claim)." *Id.* (citing *United States ex rel. Longhi v. Lithium Powers Techs., Inc.*, 575 F.3d 458, 467 (5th Cir. 2009). A plaintiff must plead that a defendant "acted with knowledge of the falsity of the statement" in order "[t]o meet the 'requisite scienter.'" *Id.* (citing 31 U.S.C. § 3729(b)(1)(A)(iii)).

On this claim, the Pittmans have failed to present any competent evidence demonstrating a genuine issue of material fact. *See Topalian*, 954 F.2d at 1131. Further, they do not cite to any summary judgment evidence to support their position. *See* FED. R. CIV. P. 56(e); *Bookman*, 945 F.Supp. at 1002. Therefore, summary judgment is appropriate and should be granted to Defendants.

### Trust Law Violations

The Pittmans allege that the assignment of their mortgage is void or invalid, and therefore, the Note itself is unenforceable. Am. Compl. [D.E. 31 at 6-7]. Defendants counter that the Pittmans do not have standing to bring this claim. Defs.' Br. [D.E. 52 at 15]. "Under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Wagner v. CitiMortgage, Inc.*, 995 F.Supp. 2d 621, 625 (N.D. Tex. 2014) (citing *Reinagel v. Deutsche Bank Natl. Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013)). The Pittmans do not allege to be, or present any evidence that they are, defrauded assignors. *See id*. Therefore, the Pittmans do not have standing to bring this cause of action, and summary judgment on this claim should be granted to Defendants.

### Unfair Consumer Practices

In the Pittmans' third cause of action, they allege that Defendants were aware "that the information, statements and representations used to foreclos[e] Plaintiff[s'] property were false or fraudulent." Am. Compl. [D.E. 31 at 9]. They further allege Defendants' conduct was in violation of Texas consumer law regarding foreclosures. *Id.* [D.E. at 9]. Defendants respond that the Pittmans have failed to produce any evidence that they meet any of the required elements under the Texas

5

Deceptive Trade Practices Act ("DTPA"). Defs.' Br. [D.E. 52 at 10].

The elements of a DTPA action are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs*, 907 S.W.2d 472, 478 (Tex. 1995). Under the DTPA, a consumer is defined as a person who "seek[s] or acquire[s] goods or services by purchase or lease" and "the goods or services purchased or leased must form the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724-25 (5th Cir. 2013). "Generally, a pure loan transaction lies outside the DTPA because money is considered to be neither a good nor a service." *Id.* at 725 (citing *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 133 (Tex. App.–Corpus Christi 2001).

Here, the Pittmans fail to point to any competent evidence demonstrating that they meet any of the elements required for a DTPA claim. *See Doe*, 907 S.W.2d at 478; *See also Miller*, 726 F.3d at 724-25. Further, they do not allude to any summary judgment evidence that would indicate their mortgage was anything more than a pure loan transaction. *See Miller*, 726 F.3d at 725. Therefore, summary judgment should be granted to Defendants on this claim.

**Violations of the Consumer Financial Protection Act**

The Pittmans allege that Defendants' conduct during the foreclosure process "constitute[d] unfair and deceptive acts or practices in violation" of the Consumer Financial Protection Act ("CFPA"). Am. Compl. [D.E. 31 at 9]. Specifically, the Pittmans claim that Defendants violated both 12 U.S.C. § 5531(a) and § 5536. *Id.* [D.E. 31]. Defendants counter in their motion for summary judgment that no evidence exists "to support [the Pittmans'] theory that Defendants engaged in any prohibited unfair, deceptive, or abusive acts or practices." Defs.' Br. [D.E. 52 at 12].

Section 5531(a) states that the Consumer Financial Protection Bureau may take action against

any person "committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a) (2015). The Pittmans' claim resting on this statute must fail, because they are not bringing this suit in the name of or on behalf of the Consumer Financial Protection Bureau. *See id.*

The second portion of the Pittmans' CFPA claim relies on 12 U.S.C. § 5536. *See* Am. Compl. [D.E. 31 at 9]. The section makes it illegal to: (1) provide consumers with financial products or services that do not conform with federal law; (2) "engage in any unfair, deceptive, or abusive act or practice;" or (3) fail to provide access to maintained records that are provided to the Consumer Financial Protection Bureau. 12 U.S.C. § 5536(a). The Pittmans allege that there were "numerous instances" that constituted violations of 12 U.S.C. § 5536. *See* Am. Comp. [D.E. 31 at 9]. However, they do not point to any specific acts with credible summary judgment evidence. *See* FED. R. CIV. P. 56(e); *Bookman*, 945 F.Supp. at 1002. Furthermore, the Pittmans fail to point to any competent evidence that there have been any violations of federal law, and thus, summary judgment on this claim should be granted to Defendants.

### Constructive Trust

The Pittmans' next claim alleges that "Defendants breached [their] constructive trust agreement with" the Pittmans, and that the Pittmans "justifiably relied" on that agreement. *Id.* [D.E. at 10]. Defendants argue in their motion for summary judgment that there is no evidence that a constructive trust existed, and the Pittmans have failed to plea any elements of a constructive trust. Defs.' Br. [D.E. 52 at 11].

In Texas, "[a] constructive trust is an equitable, court-created remedy designed to prevent

unjust enrichment." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 87 (Tex. 2015). "They have historically been applied to remedy or ameliorate harm arising from a wide variety of misfeasance." *Id.* For a constructive trust to be created, the requesting party must establish: "(1) breach of a special trust or fiduciary relationship or actual or constructive fraud; (2) unjust enrichment of the wrongdoer; and (3) an identifiable res that can be traced back to the original property." *Id.* (citing *Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir. 1994)).

Here, the Pittmans' claim must fail, because they do not point to any summary judgment evidence for any of the elements. *See id.* First, they do not allege that any court has created a constructive trust, nor do they request that this Court create a constructive trust. *See id.* Second, they do not point with any credible evidence that a special relationship existed or that fraud has occurred. *See id.* Finally, the Pittmans do not point to any summary judgment evidence that Defendants were unjustly enriched or to "an identifiable res that can be traced back to the original property." *See id.* Because the Pittmans have failed to point to any evidence that would satisfy the elements of constructive fraud, Defendants' motion for summary judgment should be granted on this claim.

## Negligent Misrepresentation

The Pittmans allege that Defendants made negligent misrepresentations by falsifying, concealing or covering up information, made statements that violated federal law, and used documents that contained false information knowing that the information contained in the documents was false. Am. Compl. [D.E. 31 at 10-11]. In their motion for summary judgment, Defendants argue that the Pittmans are unable to present any evidence to support their claim of negligent misrepresentation. Defs.' Br. [D.E. 52 at 12].

A Texas law claim for negligent representation has four elements:

8

> (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.

*Hurd v. BAC Home Loans Servicing, LP*, 800 F.Supp.2d 747, 762 (N.D. Tex 2012) (Lynn, J.). In the case at hand, the Pittmans do not point to any summary judgement evidence that Defendants supplied false information, did not exercise reasonable care, or that the Pittmans suffered a pecuniary loss as a result of relying on Defendants' representations. *See id.* As nonmovants, the Pittmans have failed to show that summary judgment is not proper on this claim. *See Duckett*, 950 F.2d at 276. Therefore, Defendants' motion for summary judgment on this issue should be granted.

## Breach of Contract

The Pittmans claim that Defendants committed a breach of contract when Defendants failed to remove the lien created by the Deed of Trust after the Note was paid off in full. Am. Compl. [D.E. 31 at 11]. Defendants counter that the Note was not paid off in full. Defs.' Br. [D.E. 52 at 13]. Defendants further contend in their motion for summary judgment that although a contract did exist between the parties, the Pittmans cannot show that the Pittmans performed under the contract, Defendants breached the contract, or the Pittmans sustained any damages as a result of the alleged breach. *Id.* [D.E. at 13].

"In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Lawyers Title Ins. Corp. V. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014) (internal quotations and brackets

9

omitted). The Pittmans and Defendants agree there was a valid contract, but the Pittmans fail to point to any competent evidence that they tendered performance, Defendants breached the contract, or that the Pittmans suffered any damages. *See id.* Furthermore, Defendants present evidence that the Note remained unpaid by the Pittmans. Defs.' Ex. A-6 [D.E. 53-1 at 53-57]. Because the Pittmans have not presented any summary judgment evidence regarding the four elements of breach of contract, they have not shown that summary judgment is improper. *See Duckett*, 950 F.2d, 276. Thus, it is recommended to grant Defendants' motion for summary judgment on this claim.

### Violation of Texas Business and Commerce Code

The Pittmans' next cause of action alleges violation of Section 3.203 of the Texas Business and Commerce Code. Am. Compl. [D.E. 31 at 11]. The Pittmans allege that Defendants engaged in fraud, and therefore cannot take on the rights of a holder. *Id.* [D.E. at 11]. The Pittmans argue that because Defendants do not have the rights of a holder, Defendants cannot transfer the property under Texas law. *Id.* [D.E. at 11]. Defendants respond in their motion for summary judgment that Fannie Mae qualifies as a holder. Defs.' Br. [D.E. 52 at 17-18].

Texas law states that "[t]he transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument." TEX. BUS. & COM. CODE ANN. § 3.203 (West 2015). Here, Defendants present uncontested evidence that Fannie Mae is the holder of the Note. Ex. A-1 [D.E. 53-1 at 6-11]. Furthermore, the Pittmans make allegations, but do not point to any competent evidence indicating the identity of the true holder of the Note or that Fannie Mae is not the holder. *See Bookman*, 945 F.Supp. at 1002. Therefore, summary judgment should be granted on this claim.

10

**Declaratory Relief**

"When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., L.L.C. v. Holmes Co.*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (citing *i2 Techs. US, Inc. v. Lanell*, No. 3:02-CV-134-G, 2002 WL 1461929, at *7 n. 5 (N.D. Tex. July 2, 2002)). "[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). However, the act only "enlarge[s] the range of remedies available in the federal courts, . . . it d[oes] not create a new right to seek those remedies." *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) (internal quotations omitted). Put another way, "the Declaratory Judgment Act alone does not create a federal cause of action." *Id.* "In a case of actual controversy within its jurisdiction, the Declaratory Judgment Act only authorizes a federal court to declare the rights and other legal relations of any interested party seeking such declaration." *Id.* (citing 28 U.S.C. § 2201(a)).

In the case at hand, the Court recommends that summary judgment be granted on all claims brought by the Pittmans. As such, the Pittmans are seeking declaratory judgement on items recommended for dismissal. Because these claims are recommended for dismissal, and a claim for declaratory judgment by itself does not create a federal cause of action, Defendants' motion for summary judgment on this claim should be granted as well.

## RECOMMENDATION

For the reasons stated above, the District Court should GRANT Defendants/Counter-Plaintiffs' Motion for Summary Judgment [D.E. 51].

**SO RECOMMENDED**, this 28th day of October, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).