IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG PITTMAN and<br>KELLY KONACK PITTMAN,<br>  Plaintiffs,<br><br>v.<br><br>SETERUS, INC., FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION, KYANITE<br>SERVICES, INC., MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC., and FIRST MANGUS<br>FINANCIAL CORP.,<br>  Defendants.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION,<br>  Counter-Plaintiff,<br><br>v.<br><br>CRAIG PITTMAN and<br>KELLY KONACK PITTMAN,<br>  Counter-Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§ | No. 3:14-CV-3852-M (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action, arising out of foreclosure proceedings initiated against certain real property located in Dallas, Texas, to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Defendant Federal National Mortgage Association ("Fannie Mae") filed Defendant/Counter-Plaintiff's Motion to Modify Judgment [D.E. 61]. For the following reasons, the undersigned recommends that the motion be granted along with Counter-Plaintiff's summary judgment motion for judicial foreclosure [D.E. 51].

1

## BACKGROUND

In December of 2005, Craig Pittman and Kelly Konack Pittman (collectively, the "Pittmans") executed a Texas Home Equity Note (the "Note") for $220,000.00 in favor of First Magnus Financial Corp. ("First Magnus"). Am. Compl. [D.E. 31 at 4]. Payment of the Note was secured by a Texas Home Equity Security Instrument ("Deed of Trust") (collectively with the Note, the "Loan Agreement") that placed a lien on real property (the "Property")[1] located at 9310 Mill Hollow Drive, Dallas, Texas 75243. *Id.* [D.E. 31 at 3-4]. The Deed of Trust recognized First Magnus as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") "as beneficiary and nominee for the Lender and its successors and assigns." Defs.' Br. [D.E. 52 at 7]. The Deed of Trust was assigned to Fannie Mae by MERS in September 2013. *Id.* [D.E. 52 at 7]. Fannie Mae claims ownership of the Note and to be beneficiary of the Deed of Trust. *Id.* [D.E. 52 at 7]. Seterus, Inc. services the Loan Agreement for Fannie Mae. *Id.* [D.E. 52 at 7]. At some point in time, the Pittmans defaulted on the Loan Agreement, and Fannie Mae attempted to foreclose on the property. *Id.* [D.E. 52 at 7]. In response to Fannie Mae's foreclosure attempts, the Pittmans filed this suit, raising nine causes of action against Defendants. *See* Am. Compl. [D.E. 31 at 6-13]. Defendants filed a motion for summary judgment as to all of the Pittmans' claims and causes of action. *See* Defs.' Mot. Summ. J. [D.E. 51]. Fannie Mae also filed a counter-claim for judicial foreclosure. *Id.* [D.E. 51 at 1]. This Court recommended that the District Court grant Defendants' motion for summary judgment, but did not specifically address the counter-claim. *See* FCR [D.E. 58]. Fannie Mae now moves to amend the Judgment entered by the District Court to include its counter-claim as part of an amended final

---

[1] The Property is described in the Deed of Trust as "Lot 2-A, Block F/8152, of Revisions of Lots 1 thru 6, Block F/8152 and Lots 1 thru 12, and Lots 24 thru 39, Block A/8152, of Forest Meadows Addition No. 5, an Addition to the City of Dallas, Dallas County, Texas, According to the Map thereof recorded in Volume 75175, Page 1095, of the Map Records of Dallas County, Texas." Defs.' App. [D.E. 53-1 at 15].

judgment. Def.'s Mot. Modify J. [D.E. 61].

## MODIFICATION OF JUDGMENT

A movant must file a motion to alter or amend a judgment within twenty-eight days from the entry of the court's judgment. FED. R. CIV. P. 59(e). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003).

Here, the Findings, Conclusions, and Recommendations of the United States Magistrate Judge did not address Counter-Plaintiff Fannie Mae's counter-claim for judicial foreclosure. *See* FCR [D.E. 58]. Fannie Mae is not raising a new argument that could have been made before the Judgment in this case was issued. *See Rosenzweig*, 332 F.3d at 863-64. Therefore, the Court recommends that the District Court grant Fannie Mae's motion to amend the previously entered Judgment.

## LEGAL STANDARD

### Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The

parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

**Pro Se Litigants**

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record for evidence supporting a party's opposition to a summary judgment motion. *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. U.S. Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Furthermore, *pro se* litigants are not exempt from complying with court rules of procedure and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Local Civil Rules require the nonmoving party to file a response and brief to the opposing party's summary judgment motion within twenty-one days of the motion being filed. Local Civil R. 7.1(e). However, a "court may not enter a default summary judgment solely by virtue of the nonmovants' failure to respond." *Bloomer v. Jenkins*, No. 3:02-CV-2718-G, 2003 U.S. Dist. LEXIS 27850, at *14 (N.D. Tex. Aug. 21, 2003) (citing *Hibernia Nat'l Bank v. Admin. Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). By the same token, a court "may accept as undisputed the facts described in support of the movant's motion." *Id.* (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). "A summary judgment nonmovant who does not respond to the motion is relegated to [their] unsworn pleadings, which do not constitute summary judgment

4

evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (5th Cir. 1996). Pleadings may only be relied on as summary judgment evidence when they are verified. *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 460, 462 (5th Cir. 1991).

Here, the Pittmans have failed to file a response to Defendants' Motion for Summary Judgment. Notice of No Resp. [D.E. 57 at 1]. Defendants' Motion for Summary Judgment was filed on June 15, 2015, making a response due from the Pittmans by July 6, 2015. *See* Local Civil R. 7.1(e). The Pittmans had notice of the deadline because they were instructed to read the Local Civil Rules. Instr. to Pro Se Pl. [D.E. 5 at 1]. Although a default summary judgment will not be recommended, the facts in support of Defendants' motion will be accepted as undisputed. *See Bloomer*, 2003 U.S. Dist. LEXIS 27850, at *14. Furthermore, the Pittmans will be relegated to their unsworn pleadings. *See Bookman*, 945 F. Supp. at 1002.

## ANALYSIS

### Judicial Foreclosure

"In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014) (internal quotations and brackets omitted). Here, Fannie Mae presents the Note and Deed of Trust, both signed by the Pittmans. Defs.' App. [D.E. 53-1 at 6-28]. Fannie Mae also provides a declaration indicating that First Magnus performed under the terms of the contract by lending $220,000.00 to the Pittmans. *Id.* [D.E. 53-1 at 3]. The declaration states that the Note and Deed of Trust were both subsequently assigned to Fannie Mae. *Id.* [D.E. 53-1 at 4]. Fannie Mae also presents summary judgment evidence that shows the Pittmans breached by not making the contractually required monthly payments. *Id.* [D.E. 53-1 at 4].

Finally, Fannie Mae provides evidence indicating that it suffered injury, because once the breach occurred, no payments were made to cure the default. *Id.* [D.E. 53-1 at 4]. This competent and uncontested evidence indicates that there was a valid contract between the Pittmans and Fannie Mae that was breached and gives rise to Fannie Mae's claim for judicial foreclosure. *See Topalian*, 954 F.2d at 1131.

The terms of the Note indicate that if "the full amount of each monthly payment" is not paid on the due date, the Pittmans will be in default. Defs.' App. [D.E. 53-1 at 9]. It further states the Deed of Trust outlines the procedures for foreclosure. *Id.* [D.E. 53-1 at 9]. The Deed of Trust indicates that if the Pittmans breach, they shall receive notice from Fannie Mae and an opportunity to cure the breach. *Id.* [D.E. 53-1 at 24-25]. If the Pittmans do not cure the breach, payment on the Note may be accelerated, and "[t]he lien evidenced by this [Deed of Trust] may be foreclosed upon" with an order from the court. *Id.* [D.E. 53-1 at 25].

Here, Fannie Mae presents credible evidence that the Pittmans were in default. *Id.* [D.E. 53-1 at 53-57]. Fannie Mae also presents evidence that shows notice was provided to the Pittmans regarding the breach and acceleration of the Note. *Id.* [D.E. 53-1 at 36-52]. Documents show the Pittmans were provided with an opportunity to cure the breach. *Id.* [D.E. 53-1 at 40]. However, they did not do so. *Id.* [D.E. 53-1 at 53-57]. Because the Pittmans did not cure the breach, Fannie Mae seeks a court order for judicial foreclosure of the property. Defs.' Br. [D.E. 52 at 19]. The property Fannie Mae seeks to foreclose upon matches the description of the Property in the Deed of Trust. Defs.' App. [D.E. 53-1 at 15]. The Court finds that Fannie Mae has met all of the requirements set forth in the contract to foreclose on the Property, and the Pittmans have not provided any evidence showing that granting the summary judgment motion would not be proper. *See Duckett*, 950 F.2d

at 276. Therefore, the Court recommends that the District Court grant Fannie Mae's request and include an order for Judicial Foreclosure in an amended final judgment.

## RECOMMENDATION

For the reasons stated above, the District Court should **GRANT** Defendant/Counter-Plaintiff's Motion to Modify Judgment [D.E. 61]. Further, the District Court should **GRANT** Defendant/Counter-Plaintiff's summary judgment motion for judicial foreclosure [D.E. 51].

**SO RECOMMENDED**, this 8 day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).